PER CURIAM.
Appellants, the employer and carrier, assert several errors in this appeal of a workers’ compensation order. We find all but one of the issues raised to be without merit and affirm without discussion. In his final order, the judge of compensation claims found that Dr. Levreault, claimant’s treating chiropractor, had recommended that claimant be evaluated by a neurologist or neurosurgeon. We find no error in the order for evaluation as recommended by Dr. Levreault.[1] However, we do agree that the judge erred when he authorized Dr. Levreault to select the neurologist or neurosurgeon to perform the evaluation. Section 440.13(2)(a), Florida Statutes (1989), provides that the employer is to provide appropriate medical care. This duty under section 440.13(2)(a), when read in conjunction with section 440.13(3), gives the employer the right of initial selection of a physician. See, Robinson v. Howard Hall Co., 219 So.2d 688 (Fla.1969), and Polk County Board of Commissioners v. Varnado, 576 So.2d 833 (Fla. 1st DCA 1991). Here, Dr. Levreault did not specify a particular physician, but made only a general recommendation for examination by a physician within the specialties mentioned. Absent a basis in the record for a departure from the established rule, we find no reason to deprive the employer of the right of initial selection of the physician to perform the evaluation.
Accordingly, the order under appeal is AFFIRMED in part and REVERSED in part and is REMANDED for further proceedings consistent herewith.
BOOTH, SMITH and BARFIELD, JJ., concur.

. Section 440.13(2)(a), as amended by Chapter 90-201, section 18, Laws of Florida (1990), effective July 1, 1990, requiring prior approval from the carrier or employer before referral by one health care provider to another health care provider, is not implicated in this case, since the referral is one ordered by the JCC, not a health care provider. We reject the E/C’s argument concerning lack of notice of the request for referral. The claim sought medical care and treatment for the accident through Dr. Lev-reault, who testified in his pre-trial deposition as to the need for the referral to a neurologist.