PER CURIAM.
On review of the compensation order entered in this case, we affirm authorization, in the event Dr. Kirkpatrick elects to treat Maria Tobon, for Dr. Kirkpatrick to involve other physicians and therapists in a comprehensive pain program of the kind recommended by Dr. Luck. In accordance with the parties’ pretrial stipulation, the reasonableness and medical necessity of such a team headed by Dr. Kirkpatrick was litigated before the judge of compensation claims. We also affirm the award of “whatever medical transportation is necessary.”
We reverse the contingent “authorization ... for Dr. Kirkpatrick to recommend a treating physician ... which physician shall be authorized by the carrier” in the event Dr. Kirkpatrick elects not to treat Ms. Tobon. In purporting to authorize one physician to name an unspecified successor, the order under review interferes with the employer’s and carrier’s prerogative to make the initial selection of a treating physician, as contemplated by section 440.13(2) and (3), Florida Statutes (1993). Cf. Orange County Sch. Bd. *669 v. Ebanks, 608 So.2d 578 (Fla. 1st DCA 1992). The order is otherwise
AFFIRMED.
BOOTH, BENTON and PADOVANO, JJ., concur.